## John McDaniel v. The State.

### No. 2815.   Decided June 15, 1904.

**1.—Confessions—Consciousness of Warning.**

Where the defendant was warned at the time of his arrest, and the next day in conversation with his wife in jail, in the hearing of a witness not an officer, made some statement in answer to a statement made by his wife, and it did not appear that he made the statements with the impending consciousness of the previous warning, they are inadmissible as evidence against him.

**2.—Argument of Counsel—Defendant as a Witness.**

Where counsel for the State in his argument uses language which conveys a purpose of calling the jury's attention to the fact that appellant did not take the stand to contradict a witness for the State, it is reversible error.

**3.—Accomplice—Charge of the Court.**

See opinion for evidence which makes the main State's witness an accomplice and the court should specifically so charge, or give a more ample charge if the issue be left to the jury.

Appeal from the District Court of Parker.  Tried below before Hon. J. W. Patterson.

Appeal from the conviction of burglary; penalty, five years imprisonment in the penitentiary.

The State's testimony showed that a burglary was committed at the time and place alleged in the indictment and that some money and jewelry were stolen.   That one bracelet which was said by his sister to have been in defendant's possession was identified; the other articles, while similar in appearance to those which were stolen, could not be identified positively.   Witness also testified that defendant traded off and gave away some jewelry which looked like that alleged to have been stolen, and paid off some debts which he owed on his place.   Defendant's mother testified and contradicted the main State's witness as to the secreting of jewelry on defendant's premises.   The testimony as to the identity of the property and defendant's connection with the burglary was all circumstantial, except that of his sister.

The opinion sufficiently states the case, as applicable to the points at issue.

*Preston Martin, J. M. Richards,* and *Bernard Martin,* for appellant.—On the trial of this case the defendant John McDaniel was not a witness; he did not go upon the stand and testify at all; neither was his wife a witness in the case, and the conversation the witness Maggie Cuerley testified about was overheard by her between husband and wife, while the husband was in jail.   It was a private conversation between appellant and his wife, and could not be used as evidence in the case, especially when testified to by third parties, and not coming direct from either the husband or wife as witnesses.   Penney v. State, 42 S. W. Rep., 297.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The alleged burglary was committed in Parker County, about eighteen miles distant from appellant's residence, in Wise County, about the 10th of November, 1901. The indictment was returned on April 14, 1904. His sister was the main witness. She testified that about 11 or 12 o'clock appellant came home and brought with him a lot of jewelry and some money, and that he secreted it and she assisted him; that they secreted it first one place and then another; that she never mentioned the fact until two years or such a matter, later, when she had become angry and unfriendly with her brother; that she and her husband at the time she instituted the prosecution were very unfriendly towards appellant. When appellant was arrested at his residence he was warned. This was about six or seven miles from Decatur, the county seat of Wise County. He was carried thence to the county jail, and the next day his wife called on him in the jail. She was accompanied in the jail by the daughter of the sheriff, a girl some 14 years of age. The wife remarked to her husband, "The boys have gone out there" (meaning they had gone out to search appellant's house). He asked his wife if she left the things where he put them. She said yes. He then said, "You need not be uneasy." Witness said she did not know what things they were talking about. Several reasons were urged as objections to this testimony; among others, that it was a private conversation between appellant and his wife in jail; defendant was under arrest; he had not been warned, and the conversations and statements were not made with the consciousness of the warning of the preceding day at his home in the country. This testimony was clearly inadmissible, unless at the time the statements were made defendant was conscious of and had in mind the previous warning. Penny v. State, 42 S. W. Rep., 297. Before statements of this character under the circumstances detailed can be used, it must appear that they were made with the impending sense or consciousness of the previous warning. Here the warning was given the previous day; the statements were not made to the officer who gave the warning, or to any of the officers, but in a private conversation with his wife. It would hardly be presumed or used against defendant that the warning given by an officer the day before would be considered by the accused as a caution against talking to his wife. In Yancy's case, 8 Texas Ct. Rep., 423, it was held, that if the warning under the circumstances there detailed was thought by the court to be present in the mind of the accused at the time he made the staement to the officer, it might be used as testimony; but the facts in that case show that the officer had frequently warned him, at least he had been frequently warned by officers that any statement he might make could be used against him, and his statement was made to one of the officers who had given some of these previous warnings; but here the officers were not present, nor was the statement made to any officer; but it was a statement to his wife, who could not be used as a witness against him.

So we believe, under the circumstances of this case, this confession should have been excluded.

During the argument one of the State's counsel made use of the following language: "Gentlemen of the jury, we find from the testimony of Miss Maggie Cuerley that defendant the next morning was visited by his wife in jail in company with Miss Cuerley; that this was in jail; an iron cage; that defendant knows what it is and could tell it." The expression "That defendant knows what it is and could tell it," was objected to and a bill reserved because said argument and comment was illegal, unwarranted, and was made by the attorney for the purpose of calling the jury's attention to the fact that appellant was guilty, because he did not take the stand and testify and explain or deny the conversation with his wife detailed by witness Cuerley. We believe this exception is well taken. We have been unable to ascertain any reason why this language was used, unless it was for the purpose of calling the jury's attention to the fact that appellant did not contradict witness Cuerley in regard to his conversation between himself and his wife.

A special charge was requested in regard to the testimony of the accomplice, appellant's sister. The court gave a charge upon this subject. That asked by appellant was somewhat more ample and more specifically applied the law to the facts. If appellant was guilty of burglary, she was unquestionably an accomplice. While the court's charge perhaps was sufficient, yet on another trial it would be better to inform the jury directly that she was an accomplice, or give the charge as more fully written by appellant.

For the first two propositions discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded*