### John McDaniel v. The State.

#### No. 3048.   Decided June 7, 1905.

**Burglary—Evidence—Declarations of Defendant—Husband and Wife.**

A conversation between defendant and his wife while the former was in jail for burglary, overheard by a daughter of the sheriff, was not admissible with-out proper warning to defendant, and is reversible error where the evidence was insufficient to convict without such illegal testimony.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of burglary; penalty, two years imprison-ment in the penitentiary.

The facts of this case appear substantially on a former appeal, McDaniel v. State, 46 Texas Crim. Rep., 560; 10 Texas Ct. Rep., 923.

*Preston Martin, J. M. Richards* and *T. J. McMurray,* for appellant.—McDaniel v. State, 46 Texas Crim. Rep., 560; Penny v. State, 42 S. W. Rep., 297.

*Howard Martin,* Assistant Attorney-General, and *James C. Wilson,* for the State.

BROOKS, Judge.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years. The former appeal was reversed, and is reported in McDan-iel v. State, 46 Texas Crim. Rep., 560; 10 Texas Ct. Rep., 923. Bill of exceptions number 1 complains of the admission of the testimony of Maggie Cearley, who testified to a conversation overheard by her between appellant and his wife, while appellant was in jail. The facts in relation thereto are collated in the opinion on the former appeal. There is no substantial difference between the statement there made and the bill of exceptions presenting the matter upon this appeal. There are some minor differences that we do not deem nec-essary to rehearse. We do not think this testimony was admissible. In the absence of this testimony, we do not think the evidence is

sufficient to support the verdict of the jury, there being no corroboration of the accomplice.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*